Nathaniel C. MATHEWS,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 92–4085.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 10, 1993.

Decided Dec. 7, 1993.

omissions of the parties who contracted to build the highway projects.

Nathaniel C. Mathews, pro se.

Cheryl J. Sturm (briefed), West Chester, PA, for petitioner-appellant.

* The Honorable Wendell A. Miles, United States District Court for the Western District of Michigan, sitting by designation.

Thomas O. Secor, Asst. U.S. Atty. (briefed), Office of U.S. Atty., Western Div., Toledo, OH, for respondent-appellee.

Before: GUY and RYAN, Circuit Judges, and MILES,* Senior District Judge.

RALPH B. GUY, Jr., Circuit Judge.

Petitioner, Nathaniel Mathews, appeals from the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Four issues are raised on appeal: (1) the court erred in summarily denying § 2255 relief without holding a hearing; (2) the trial court erred in allowing an FBI agent to play audio tapes for the jury; (3) the trial court improperly enhanced defendant's sentence for obstruction of justice; and (4) counsel's failure to raise issues two and three on direct appeal resulted in defendant receiving ineffective assistance of counsel.

Our review of the record causes us to conclude that § 2255 relief was properly denied on the substantive issues but improperly withheld on the sentencing issue.

## I.

The facts surrounding defendant's conviction are fully set forth in our earlier opinion denying the direct appeal.[1] We find no need to repeat them. Suffice it to say that the evidence at trial against Mathews was very strong. A codefendant pled guilty prior to trial and testified against him. Additionally, there were tape recordings and agent surveillance of some of the drug transactions. Thus, to the degree that § 2255 petitions are intended to be one last check on preventing a miscarriage of justice, we find that none occurred here. Nonetheless, we address petitioner's contentions seriatim.

## II.

**The Disposition of the § 2255 Petition Without a Hearing**

■ Mathews raised no issues in his § 2255 petition that raised factual disputes.

1. *Nathaniel Mathes v. United States of America,* 884 F.2d 1392 (6th Cir.1989). The petitioner here is now spelling his name "Mathews," rather than "Mathes."

Thus, there was no need for any type of evidentiary hearing. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> **Initial consideration by judge.** The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

28 U.S.C. § 2255 (Supp.1993).

Petitioner's lengthy pro se petition to vacate reargued certain issues that were raised and resolved against him in his direct appeal. Obviously, the district court could not revisit these issues. Four new issues were raised by defendant in the district court, however. Three of those, the obstruction of justice enhancement, ineffective assistance of appellate counsel, and the FBI agent playing the audio tapes, are raised here. The fourth issue was a contention that defendant should have received a downward departure "because his behavior even if guilty, arguendo, could only be termed as aberrant." This argument on its face is without merit and has not been raised in this appeal.

■ In evaluating this petition, the district judge could properly defer consideration of the ineffective assistance of appellate counsel issue, since it was predicated solely on counsel's failure to raise the other three issues Mathews raised in his petition. If the court found no merit to these issues, as it did, the ineffective assistance of counsel argument falls. Although the district court said little by way of analysis, we have the same record before us and conclude, as did the trial judge, that there is no merit to petitioner's substantive contentions. Accordingly, there was no error in the court proceeding without an evidentiary hearing or without requiring the government to respond to the petition.

## III.

### The FBI Agent and the Audio Tapes

■ Prior to the start of their deliberations, the jurors were told they again could listen to the audio tapes that were in evidence if the need arose. Subsequently, the jury asked to hear the tapes. Defense counsel did not object to the tapes being played again.

The playback device used in the trial was not a conventional audio speaker system. Rather, it was a wireless infra-red transmitting system which allowed each juror to listen over his or her own headset and make individual adjustments for clarity and volume. During trial, playback was under the control of the FBI case agent.

During deliberations, the court rightly concluded that the case agent was an inappropriate person to handle the playback. Another FBI agent not connected with this case happened to be present and he was selected to handle the playback.

The playback occurred in the courtroom, not the jury room, with the public excluded. The agent was not identified to the jury either by name or as an agent. To insure that no conversations occurred, the court reporter was instructed to remain and record anything that might be said. Nothing was said, and the jury immediately returned to the jury room after the playback to resume their deliberations.

Defendant argues that somehow this had a coercive effect on the jury and attempted to support this allegation by the bald unsupported assertion that the agent "glared" at the jury. Mathews argues for a per se rule that an agent in the jury room during deliberations is always error. For support, he relies upon *United States v. Florea*, 541 F.2d 568 (6th Cir.1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792, *reh'g denied*, 431 U.S. 925, 97 S.Ct. 2201, 53 L.Ed.2d 240 (1977).

> We are required to exercise supervisory authority over the administration of justice in courts of this circuit even in cases where departures from ideal procedures fall short of a violation of due process. *See McNabb v. United States*, 318 U.S. 332, 63 S.Ct.

608, 87 L.Ed. 819 (1943); *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Therefore, we hold that without prior stipulation a trial court should not permit any unauthorized person—especially one associated with either prosecution or defense—to communicate with or otherwise have any contact with a jury in any proceeding. If such contact is necessary, it should be under the personal supervision of the court. We determine that a *per se* rule is necessary here because although the danger of improper influence inheres in every contact between an interested party and a jury, actual prejudice may be difficult to establish.

*Id.* at 572 (footnote omitted).

The facts in *Florea* are quite similar to those here, with three notable exceptions. First, unlike in *Florea,* the jury did not know the playback operator was an agent. Second, although an agent, he was not connected with Mathews' case in any way, and just happened to be around when someone was needed to handle the equipment. Third, the court delegated the court reporter to insure there was no extraneous conversation or conduct and to record it if there was.

We think these differences are sufficient to take this case out from under the per se rule of *Florea.* Having so concluded, we nonetheless fault both the trial court and the government for allowing a situation to be created that comes so close to the line.

## IV.

### The Enhancement for Obstruction of Justice

■ Defendant's entire argument on this issue rests on his contention that the district judge did not make the necessary findings required by the decision in *United States v. Dunnigan,* — U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Although *Dunnigan* was decided five years after the sentence was imposed in this case, for the purposes of analysis only, we will apply its teachings.

In *Dunnigan,* the alleged obstruction of justice involved perjury by a testifying defendant as is the case here. The primary issue on appeal was the constitutionality of an enhancement based on trial perjury. The Fourth Circuit had found such an enhancement to be unconstitutional. The Supreme Court reversed and held that perjury committed by a testifying defendant at his criminal trial would clearly constitute an obstruction of justice as defined in the sentencing guidelines. The court further found that there was no constitutional impediment to enhancing a sentence as a result of perjury committed by a defendant during his criminal trial. Up to this point, *Dunnigan* is not a helpful decision to Mathews. However, to allay the fears expressed by the Fourth Circuit that every guilty verdict in a trial in which a defendant testified would result in an obstruction of justice enhancement, the Court laid down some guidelines for district judges:

> Of course, not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury. As we have just observed, an accused may give inaccurate testimony due to confusion, mistake or faulty memory. In other instances, an accused may testify to matters such as lack of capacity, insanity, duress or self-defense. Her testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent. *For these reasons, if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out.*

*Id.* (emphasis added). It is the underscored language above that bottoms petitioner's claim of error.

In *Dunnigan,* when the trial judge made the decision to impose the enhancement for obstruction of justice, he stated in pertinent part:

> The defendant denied her involvement when it is clear from the evidence in the case as the jury found beyond a reasonable

doubt that she was involved in the conspiracy alleged in the indictment[.]

*Id.* at ——, 113 S.Ct. at 1114.

 In the case at bar, the trial judge stated in part:

Mr. Garrett, the Court will abide by the jury's verdict in the decision as to whether the statement of the Defendant as to the nature of the transaction was true or not. . . .

In *United States v. Medina,* 992 F.2d 573 (6th Cir.), *petition for cert. filed sub nom. United States v. Wilson,* 62 U.S.L.W. 3309 (U.S. Oct. 18, 1993) (No. 93–607), we had occasion to discuss the use by a trial judge of language remarkably similar to that used here:

The district judge in this case failed to make any specific finding regarding Wilson's testimony under oath. Rather, the judge stated: "I heard the testimony. And I have the jury's verdict. They were the fact finders. Based on their verdict, he testified falsely. I can't say that the jury was wrong and substitute my judgment for theirs, that's not my role." Such deference to the jury's fact-finding role is inappropriate for sentencing purposes because the district court must itself make a finding that Wilson had obstructed justice. [*United States v.*] *Burnette,* 981 F.2d [874] at 877–80 [ (6th Cir.1992) ] (reversing the sentence imposed because the court failed to make a clear or specific finding that defendant had obstructed justice); *see also United States v. Clark,* 982 F.2d 965, 970 (6th Cir.1993). Thus, we must reverse the enhancement imposed on Wilson for obstruction and remand for resentencing.

*Id.* at 591.

We find, as did the *Medina* court, that the sentence here must be vacated, resulting in a remand for resentencing. We emphasize, that, when the trial judge imposed the enhancement, the cases now relied upon by the petitioner had not been decided. We remand not because of the paucity of the judge's

findings, but because the record reflects he deferred to the jury rather than making a finding on his own.

## V.

### The Ineffective Assistance of Appellate Counsel Claim

 We have rejected petitioner's claims of error which would have impacted upon the guilty verdict; therefore, any claim of ineffective assistance of counsel relative to these issues is moot. Since we granted relief on the sentencing issue, we need not decide whether the failure to raise this issue on direct appeal amounted to ineffective assistance of counsel.[2] As we noted earlier, however, the law at the time defendant was sentenced had not yet developed to the point it is at today.

**AFFIRMED,** except as to the obstruction of justice issue. On that issue, we remand for new findings and resentencing.

---

**2.** Since this issue was not raised on direct appeal, petitioner must show cause for the failure to raise the issue and the prejudice resulting therefrom. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816

(1982). However, the government has not raised this as an issue, and we are not compelled to raise it *sua sponte. Hines v. United States,* 971 F.2d 506, 509 (10th Cir.1992).