**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Josephine LEDEZMA, also known as Josie, Defendant–Appellant.**

**No. 92–6683.**

United States Court of Appeals, Sixth Circuit.

Aug. 1, 1994.

Before: GUY and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.

### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

WELLFORD, J., concurring.

WELLFORD, Senior Circuit Judge, concurring in denial of Josephine Ledezma's petition for rehearing.

One of the issues raised by Ledezma relates to "perjury" for sentencing purposes. With regard to the augmentation of Ledez-

ma's sentence for perjury during trial, appellant argues that *United States v. Dunnigan,* — U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), indicates that "[i]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," and that such separate finding was not made in this case.

If the district court here had imposed a perjury enhancement merely because the defendant testified that she is innocent but the jury determined guilt, I would vacate and remand the sentence based upon *Mathews v. United States,* 11 F.3d 583, 587 (6th Cir. 1993), and *United States v. Medina,* 992 F.2d 573 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994). The district court here, however, made the following finding:

> I believe that the record in this case, following a verdict of guilty by the jury, requires that I find the defendant perjured herself on material matters at the time that she testified in her defense. I do not find that any additional efforts required the government [sic], as a result of the perjury.
>
> ... But I do think it was perjury. I do think it was material, and I do think that under the law of the Sixth Circuit, I am required to assess an additional two points for obstruction of justice in light of those findings.

Whether this statement fully satisfied *Dunnigan* is not clear, but I believe it satisfied the pre-*Dunnigan* standard applicable in this circuit as set out in *United States v. Clark,* 982 F.2d 965 (6th Cir.1993). It is indeed, however, "preferable" that the district court in this situation make a "separate and clear finding" of perjury, and necessary that this finding of perjury not be based merely upon the jury verdict. The district court did not base its perjury enhancement merely on the jury verdict in this case.

Accordingly, I join in the denial of Ledezma's petition.