42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HILLMAN and Andrew Jackson, Defendants-Appellants.
 Nos. 93-6198, 93-6199.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 Before: NELSON, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a criminal case in which both defendants were convicted on cocaine charges and one defendant was convicted on a gun charge as well. The defendants appeal their convictions and their sentences.
 
 
 2
 In calculating the defendants' guideline sentence ranges, the district court enhanced the prescribed offense levels on the theory that the jury's verdict left the court no alternative but to conclude that the defendants had committed perjury, thereby obstructing justice. Because the district court ought to have decided independently whether the defendants had perjured themselves, we shall remand the case for resentencing. Resolving the remaining issues in favor of the government, we shall affirm the convictions.
 
 
 3
 * Defendant Charles Hillman was driving from Texas to Ohio, with defendant Andrew Jackson as a passenger, when their automobile was stopped by a local police officer in Tennessee. The officer said that the car was following another vehicle too closely and was weaving slightly.
 
 
 4
 The officer brought Mr. Hillman to his patrol car and engaged him in conversation about his trip. A subsequent conversation with Mr. Jackson produced an inconsistent account of what the men were doing, and the officer asked Mr. Hillman for permission to search the car for contraband. Hillman agreed, in writing.
 
 
 5
 In a suitcase later identified as Hillman's the officer found a loaded .32 caliber magnum revolver, ammunition, and a partially used roll of duct tape. A suitcase later identified as Jackson's was found to contain a kilogram and a half of cocaine in duct-taped packages. These discoveries led to indictments under 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c).
 
 
 6
 Pretrial motions to suppress the evidence found in the vehicle were referred to a magistrate. Following a hearing, the magistrate issued a report recommending that Mr. Hillman's suppression motion be granted and that Mr. Jackson's be denied. The district court denied both motions, finding
 
 
 7
 "that an objectively reasonable officer would not have made this stop absent a motive to investigate matters other than Hillman's driving, but that such a stop is not illegal as pretexual where the officer is objectively carrying out his lawful responsibility to enforce traffic laws even if he makes the stop based on a subjective desire to investigate other suspected criminal activity."
 
 
 8
 The case went to trial before a jury, and both defendants took the stand in their own defense. At the conclusion of the evidence the defendants moved for acquittal, and the motions were denied. The jury found Mr. Hillman guilty of possessing cocaine with intent to distribute it and of carrying and using a firearm during and in relation to the drug trafficking crime. Mr. Jackson was convicted on the drug charge and acquitted on the gun charge. Mr. Hillman received consecutive sentences of imprisonment for terms of 78 months and 60 months, and Mr. Jackson was sentenced to imprisonment for 97 months.
 
 II
 A. Motions to Suppress
 
 9
 Defendant Hillman does not contest the soundness, under United States v. Ferguson, 8 F.3d 385 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994), of the reasoning on which the district court denied the motion to suppress the evidence seized from the car. Hillman contends that Ferguson established a "new test," however, see id. at 386, and he argues that under the circuit law as it existed at the time of the district court's ruling, the motion to suppress ought to have been granted.
 
 
 10
 The argument is not persuasive. Although there are circuits that have refused to admit evidence seized after a stop that a reasonable police officer would not have made but for an impermissible motive--the so-called "would" test, exemplified in cases such as United States v. Smith, 799 F.2d 704 (11th Cir.1986), under which the court pays no attention to what a reasonable police officer could have done under the circumstanes--this circuit, in practice, has not been among that number. "[A] review of the Sixth Circuit cases demonstrates that each time we have been confronted with a traffic stop made on the basis of probable cause [a stop that a reasonable police officer could have made without an impermissible motive] ... we have found that the stop was not unconstitutional." Ferguson, 8 F.3d at 389. The Ferguson opinion merely made explicit what this court had been doing in practice for some time.
 
 
 11
 Among the prior Sixth Circuit decisions cited by Ferguson in this connection were United States v. Pino, 855 F.2d 357 (6th Cir.1988), cert. denied, 110 S.Ct. 1160 (1990), and United States v. French, 974 F.2d 687 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993). The district court relied on both of these decisions in the case at bar, and we think the court did an excellent job of analyzing the then-existing law of this circuit. The court was not bound to grant Mr. Hillman's motion to suppress.
 
 
 12
 Defendant Jackson contends that even if the initial stop of the car was proper, the officer had no authority to search his personal luggage. This contention, too, is unpersuasive; the driver's consent validated the search of all of the contents of the trunk of the car. See United States v. Dunson, 940 F.2d 989, 995 (6th Cir.1991), cert. denied, 112 S.Ct. 1488 (1992); French, 974 F.2d at 693 (6th Cir.1992). As the district court correctly noted, moreover, Mr. Jackson offered no proof at the hearing that either of the two bags was his.
 
 B. The Chain of Custody
 
 13
 Both defendants challenge the admission of the cocaine into evidence, claiming a fatal breach in the chain of custody. A forensic toxicologist who had tested the substance was asked during his testimony to open one of the sealed envelopes containing vials of cocaine; when he did so, the top of the vial was found to be open and a small amount of the white powder was in the bottom of the envelope. The witness explained that the vial must have "bumped open" after the envelope had been sealed subsequent to the testing. On cross-examination the witness was questioned extensively about the chain of custody, the potential for tampering, and the implications of the open vial; defense counsel could not establish, however, that the drugs had been tampered with or had been susceptible to tampering.
 
 
 14
 The government demonstrated a perfect chain of custody from the luggage to the laboratory. The government showed that after completion of the chemical analysis the toxicologist had sealed the envelope, which had not been opened until the seal was broken on the witness stand. Even if there were some legitimate reason to challenge the chain of custody, moreover, such challenges go to the weight of the evidence, absent a clear showing of abuse of discretion, and do not affect admissibility. United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). No abuse of discretion occurred here.
 
 C. Sufficiency of the Evidence
 
 15
 Defendant Hillman contends that the evidence adduced at trial was not sufficient to support his conviction on either charge. After reviewing the totality of the evidence, however, we conclude that a rational trier of fact could well have concluded that Mr. Hillman was guilty on both charges. The question is whether "any" rational factfinder could have found the essential elements of the crime beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), and a reviewing court should "resolve all inferences which may reasonably be drawn from the evidence in the government's favor and resolve all conflicts in the testimony the same way." United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983). Under these standards, Hillman's argument fails.
 
 D. Obstruction of Justice Enhancement
 
 16
 Sentencing Guideline Sec. 3C1.1 states as follows:
 
 
 17
 "If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by two levels."
 
 
 18
 Such an enhancement is appropriate when a defendant commits perjury at his trial. See U.S.S.G. Sec. 3C1.1, comment n. 1(c) and comment n. 3(b).
 
 
 19
 If a defendant objects to the district court's enhancing his sentence for perjury, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same...." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993) (emphasis supplied). See also Mathews v. United States, 11 F.3d 583 (6th Cir.1993).
 
 
 20
 The transcript of the sentencing hearing in the case at bar indicates that the district court may have felt constrained to rely solely on the jury verdict, rather than making an independent determination as to whether the defendants had perjured themselves. We shall therefore remand the case for resentencing after the district court has made its own independent finding as to whether perjury occurred.
 
 
 21
 The convictions are AFFIRMED, and the case is REMANDED for resentencing in accordance with this opinion.