53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gordon HENRY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6031.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1995.
 
 Before: MARTIN, RYAN, and GIBSON, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Claiming that it was an abuse of discretion to do so without an evidentiary hearing, Gordon Henry appeals the district court's denial of his Section 2255 motion to vacate his sentence. For the following reasons, we AFFIRM the decision of the district court.
 
 
 2
 This case stems from a large conspiracy in McNairy County, Tennessee, to possess and distribute Dilaudid pills. As part of the conspiracy, Henry made trips to Chicago to obtain Dilaudid based on false prescriptions. During each trip, prescriptions for hundreds of Dilaudid pills were filled. Among the evidence presented at trial, one of the conspirators, James Dewey Forsythe, testified that Henry was given 50 Dilaudid pills for each trip he made to Chicago. Henry and Forsythe made appointments with two doctors each trip, and made two trips each month. Another witness, Larry Stacks, testified that Henry distributed Dilaudid from his business, McNairy Salvage Junk Yard. Stacks was an employee of Henry's who claimed to be paid one Dilaudid pill per day as well as a few dollars for gas and cigarettes.
 
 
 3
 In May 1991, a federal grand jury in the Western District of Tennessee returned an indictment charging Henry and eighteen others with conspiring to possess and distribute controlled substances in violation of 18 U.S.C. Sec. 371. On November 1, Henry pled guilty to the conspiracy count of the indictment. The plea agreement provided that Henry would receive a two year, six month prison sentence based on a drug quantity of 1200 Dilaudid pills. However, on November 15, the district court rejected that agreement. In preparing the presentence report, the probation officer discovered that a two year, six month sentence was well below the guideline range for the offense. This was the result of using an incorrect weight for each of the Dilaudid tablets in calculating Henry's relevant conduct. Subsequently, on November 22, Henry withdrew his guilty plea. After a four-day trial, the jury returned a guilty verdict on February 6, 1992. Henry was sentenced on April 2 to fourteen years, two months in prison and three years supervised release. On appeal, this Court affirmed the district court's decision.[1] Henry then filed a pro se motion to vacate, set aside, or correct the sentence under 28 U.S.C. Sec. 2255 on November 5, 1993. The district court denied that motion in an order dated July 2, 1994, from which Henry filed a notice of appeal on August 8.
 
 
 4
 Now represented by counsel, Henry argues that denying his motion without an evidentiary hearing was an abuse of the district court's discretion. In making this claim, Henry relies on four arguments: that the plea agreement was breached, specifically, that it was undermined by an ex parte communication between the Assistant United States Attorney and the probation officer; that the drug quantity of 8,680 Dilaudid pills was not within the scope of Henry's conspiratorial agreement; that information given to the probation officer during plea negotiations regarding Henry's good health was improperly used later; and that he was denied effective assistance of counsel.
 
 
 5
 Initially, the United States urges this Court to strike the factual allegations made by Henry on appeal as referring to materials outside the record. Fed.R.App.P. 10(a). Henry responds, and we agree, that the allegations in his pro se petition must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Fields v. United States, 963 F.2d 105, 109 (6th Cir.1992). However, Henry also relies on a Third Circuit case for the proposition that his "factual allegations" must be accepted as true. That case does not establish such a broad standard.
 
 
 6
 "When a motion is made under 28 U.S.C. Sec. 2255 the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."
 
 
 7
 United States v. Day, 969 F.2d 39, 41-42 (3d Cir.1992) (emphasis added) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.1989)). Thus, even the case most relied upon by Henry makes clear that the district court's decision must be made based on the "existing" record. The court is not required to accept any unsupported factual allegations.
 
 
 8
 We review the denial of a Section 2255 motion de novo. Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993). However, the district court's factual findings will be accepted unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To prevail on a Section 2255 motion, Henry must show a fundamental defect resulting in a "complete miscarriage of justice" or an error so egregious that it violated his right to due process. Id. It is well-established that "to obtain collateral relief a prisoner must clear a significantly higher hurdel than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Therefore, where issues were not raised on direct appeal, the "cause and actual prejudice" standard applies. Id. at 167-68.
 
 
 9
 An evidentiary hearing must be held on a Section 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. The district court has broad discretion over whether to hold an evidentiary hearing. Before denying an evidentiary hearing, the court must find only that the files and records demonstrate that the movant is not entitled to relief. That is precisely what the district court did here. We agree with the court below that Henry is not entitled to relief, and therefore the denial of his motion without an evidentiary hearing was not an abuse of discretion. Mathews v. United States, 11 F.3d 583, 584-85 (6th Cir.1993). Further, based on the record before this Court, we may decide the issues raised by Henry on appeal without need to remand for an evidentiary hearing.
 
 
 10
 Contrary to Henry's assertion that an ex parte communication with the probation officer undermined the plea agreement, this is not supported by the record. Although a plea agreement was reached, it was both rejected by the district court and withdrawn by Henry. The court rejected the agreement because it improperly calculated the weight of the Dilaudid capsules in light of Chapman v. United States, 500 U.S. 453, 453-54 (1991).
 
 
 11
 Henry's allegation of ex parte communications and misinformation given to the probation officer also lacks support in the record. The only communication here was in preparing the presentence report. United States v. Minsky, 963 F.2d 870 (6th Cir.1992), is factually distinct because it involved a bench conference during the trial that was conducted without defense counsel. Furthermore, Henry's claim that materially false information (as to the quantity of Dilaudid) was used in the presentence report contradicts the indictment itself, which includes more than the 8,680 Dilaudid pills for which Henry was held accountable, and the evidence presented at trial. Even using the number of Dilaudid pills which Henry admits to in his pro se petition, his base offense level would not change.
 
 
 12
 Similarly, Henry's claim that information given to the probation officer was improperly used at trial is without merit. In preparing a presentence report based on the plea agreement before it was withdrawn, Henry told the probation officer that he was in good health and not addicted to drugs. Although the issue of Henry's health was explored at trial, there is no indication that this was based on the information given earlier to the probation officer. Furthermore, even were this not so, the use of that information to show that the Dilaudid prescriptions were not legitimately for Henry does not violate Rule 11: these statements were made neither "to an attorney for the government" nor "during" plea discussions. Further, although the same subjects were covered, statements made to the probation officer were not admitted at trial.
 
 
 13
 Lastly, Henry raises a claim of ineffective assistance of counsel based on his trial counsel's failure to raise the issues above. Although the ineffective assistance of counsel will constitute "cause," Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir.1993), Henry must still show " 'not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.' " Id. at 1025 (quoting Frady, 456 U.S. at 170). Here, because we find that his claims are without merit and would not have altered the guilty verdict, Henry has not shown ineffective assistance or any actual prejudice. Strickland v. Washington, 466 U.S. 668, 687-93 (1984).
 
 
 14
 Therefore, because we find the record is adequate for this court to decide the issues raised on appeal, that Henry's claims are without merit, and that he fails to show either cause or prejudice in not raising them on direct appeal, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 See United States v. Kiestler, Nos. 92-5099, 92-5600, 92-5601, 1993 WL 172878 (6th Cir. May 21, 1993), cert. denied, 114 S.Ct. 276 (1993). On direct appeal, Henry challenged both the sufficiency of the evidence and the calculation of his base offense level. He also claimed error in the court's refusal to grant severance, to declare a mistrial, to instruct as to lesser included offenses and that he was the only person charged in the indictment to be convicted of conspiracy