85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. WILCHER, Petitioner-Appellant,
v.
Norman ROSE, Respondent-Appellee.
 No. 95-3835.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 James R. Wilcher appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, an Ohio jury convicted Wilcher of rape, a violation of Ohio Rev.Code § 2907.02(A)(1)(b). He is now serving a term of life imprisonment. Wilcher's conviction was affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court dismissed his appeal.
 
 
 4
 Wilcher raised three claims in his habeas corpus petition: 1) his right to confrontation was violated when the trial court allowed hearsay testimony; 2) his right to confrontation was violated when an expert witness testified that he had sexually abused the victim; and 3) his right to a speedy trial was violated under Ohio law and the Sixth Amendment. The district court adopted a magistrate judge's report and dismissed the case on July 26, 1995.
 
 
 5
 We review the denial of Wilcher's habeas corpus petition de novo; however, the district court's factual findings are examined for clear error, and the factual findings of the state courts are presumptively correct unless one of the exceptions listed in 28 U.S.C. § 2254(d) applies. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). Moreover, the constitutional errors that Wilcher has alleged may be considered to be harmless if they did not have a substantial and injurious effect or influence in determining the jury's verdict. See id.
 
 
 6
 Wilcher has abandoned his first two claims by failing to raise them in his initial brief on appeal. Thus, we will not consider Wilcher's claims regarding the alleged denial of his right to confrontation, as he has waived these claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 The district court properly found that Wilcher's speedy trial claim was not cognizable insofar as it was based solely on state law. See Hutchison v. Marshall, 744 F.2d 44, 46 (6th Cir.1984), cert. denied, 469 U.S. 1221 (1985). In addition, we are bound by the Ohio Court of Appeals' determination that Wilcher received a speedy trial under Ohio law. See id.
 
 
 8
 To determine whether Wilcher's constitutional right to a speedy trial was violated, we balance: 1) the length of the delay; 2) the reason for the delay; 3) the manner in which the right is asserted; and 4) the amount of prejudice that he suffered. See United States v. White, 985 F.2d 271, 275 (6th Cir.1993). Wilcher's constitutional claim does not pass this test. First, the ten and one half months that elapsed before Wilcher was tried did not create a presumption of prejudice. See id. at 275-76. Second, a significant portion of this delay was caused by defense motions and there is no indication that the state was trying to gain a tactical advantage by delaying the trial. See id. at 276. Finally, even if we assume that the third factor favors Wilcher, there is no indication that he was actually prejudiced by the delay. See id.
 
 
 9
 We also find that the district court acted within its discretion by not holding an evidentiary hearing, as the circumstances listed in § 2254(d) do not apply and the existing record was adequate to resolve Wilcher's claims. See Mathews v. United States, 11 F.3d 583, 584-85 (6th Cir.1993); McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation