91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie CAUSEY, Jr., Defendant-Appellant.
 No. 95-1129.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1996.
 
 Before: NORRIS, SILER and GODBOLD,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Willie Causey, Jr. appeals his conviction and sentence on three separate counts for possession with intent to distribute controlled substances, specifically, cocaine base, heroin and phencyclidine, in violation of 21 U.S.C. § 841(a)(1); for the use and carrying of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced to a term of 262 months for the cocaine base offense, 240 months on the heroin offense, and 60 months on the phencyclidine offense, all to run concurrently. In addition, he received a sentence of 120 months concurrent to the drug charges for the conviction for possession of a firearm by a convicted felon. Finally, he received a consecutive term of 60 months on the charge of using and carrying a firearm during a drug trafficking crime. Thus, the total sentence was 322 months.
 
 
 2
 The defendant has raised several issues claiming, inter alia, that the district court erred by admitting evidence of other acts, and that there was insufficient evidence to convict the defendant on the drug and firearm charges. We find those issues to be without merit, except for the conviction on Count 4, for using or carrying a firearm during or in relation to a drug trafficking offense, because of the decision in Bailey v. United States, 116 S.Ct. 501 (1995), which was decided after the sentence was rendered by the district court.
 
 I. OTHER ACTS EVIDENCE
 
 3
 Defendant asserts that the court committed reversible error when it admitted evidence of other acts under Fed.R.Evid. 404(b). The indictment charged the defendant and a codefendant, Mary O'Connor, a/k/a Mary Connor, with committing these acts on December 17, 1993. It is the position of the defendant that the testimony of an undercover agent, Deon Hogan, about observations and discussions with Causey at his residence on three occasions in October and December 1993 was evidence of "other acts" which should not have been admitted by the court under Rule 404(b). The evidence was primarily that when Hogan met with Causey, he observed many drug transactions on the premises and saw Causey directing others to conduct the transactions. This was corroborated by testimony from Special Agent Richard Owens of the Bureau of Alcohol, Tobacco and Firearms, who related seeing many people walking up to the house, staying for short periods and leaving. As all of this occurred during a period when Hogan was attempting to purchase drugs from Causey, this does not constitute evidence of "other crimes" under Rule 404(b), because it was "inextricably intertwined" with evidence of the crime charged in the indictment. United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir.1995). Although the district court admitted the evidence under Rule 404(b), it did not have to. It found that it was relevant to the issue of specific intent and that the probative value of admitting the evidence outweighed the prejudicial effect. Therefore, no error was committed by the court in allowing the admission of the previous occurrences between Hogan and Causey.
 
 
 4
 Causey also claims that the court erred in failing to specifically instruct the jury that the other acts evidence could not be used to establish guilt on Counts 4 and 5. However, the court instructed the jury on other crimes, declaring that it was not evidence that the defendant committed the crimes that he was on trial for. Moreover, the defendant did not raise an objection to this instruction nor propose any substitute instruction. The instruction given was proper and certainly did not rise to the level of "plain error," required when the defendant does not object. See United States v. Thomas, 11 F.3d 620 (6th Cir.1993), cert. denied, 114 S.Ct. 1570 (1994).
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 5
 Defendant claims there was insufficient evidence upon which he could be convicted on any of the charges. Evidence showed that Causey and O'Connor lived at the residence and that Causey was present when Hogan visited on the other occasions. When Causey was arrested at the residence on December 17, officers found within the premises 8.02 grams of packaged rocks of crack cocaine in a yellow plastic container, within a few feet of where Causey was when first seen by the search team, other quantities of crack cocaine in the kitchen, plus individually wrapped packets containing plant material and phencyclidine, and .48 grams of heroin. Moreover, various drug paraphernalia was found. That included a triple beam scale, packaging materials, strainers with white powder residue, spoons and razor blades with residue, and dinner plates with residue. A .38 caliber loaded revolver was found under the cushions of the couch within six to ten feet of where Causey was first seen at the time of the search. Other items found on the premises indicated that Causey lived there.
 
 
 6
 There was ample evidence to show that the defendant had possessed with intent to distribute the various controlled substances listed in the indictment, or aided and abetted O'Connor in doing so. Causey asserts that since he was charged with aiding and abetting, the prosecution had to prove that O'Connor was the principal, but there is no distinction between principals and accessories under 18 U.S.C. § 2. See Hammer v. United States, 271 U.S. 620, 628 (1926). The trafficking in drugs on the other dates when Hogan visited, and the fact that the controlled substances, especially the PCP and crack cocaine, were in small packages, indicates an intent to distribute. Moreover, inasmuch as Causey stipulated that he had previously been convicted of a felony, the charge of possession of a firearm by a convicted felon was supported by the fact that the firearm in question was close to Causey at the time of the arrest, and that it had previously travelled in interstate commerce. No one else was present on the premises at the time Causey was arrested with the weapons close by.
 
 
 7
 III. USING OR CARRYING A FIREARM DURING A DRUG TRAFFICKING OFFENSE
 
 
 8
 After Causey's conviction on this offense, the Supreme Court held in Bailey, 116 S.Ct. at 508, that possessing a gun concealed nearby during a drug trafficking offense does not amount to a violation of 18 U.S.C. 924(c). The United States has conceded that the conviction on Count 4, therefore, cannot stand. Thus, the district court on remand should set aside the conviction on Count 4 of the indictment, for a violation of 18 U.S.C. § 924(c). Nevertheless, the district court may consider upon resentencing whether it should use USSG § 2D1.1(b)(1) to enhance the sentence otherwise. The district court did not have an opportunity to consider that section of the Guidelines, because it is inapplicable when the defendant is sentenced under § 924(c). See USSG § 2K2.4, comment. (n. 2).
 
 IV. CONCLUSION
 
 9
 Therefore, Causey's convictions on Counts 1-3, for possession of controlled substances with intent to distribute, are affirmed. In addition, his conviction on Count 5 for the possession of a firearm by a convicted felon is also affirmed. However, Causey's conviction on Count 4, for using or carrying a firearm during or in relation to a drug trafficking offense, is vacated, and this matter is remanded for resentencing.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation