101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aaron Joseph BOYLESS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 95-1911.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 95-70280; Paul v. Gadola, Judge.
 E.D.Mich.
 VACATED.
 Before: KEITH, NORRIS and DAUGHTREY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant Aaron Boyless ("Boyless") appeals his conviction for using or carrying a firearm while trafficking narcotics pursuant to 18 U.S.C. § 924(c)(1), on the basis that his attorney rendered ineffective assistance of counsel. Boyless also claims the district court erroneously refused to grant him a hearing on his Motion to Vacate pursuant to 18 U.S.C. § 2255. For the reasons stated below we VACATE Boyless' § 924(c)(1) conviction and REMAND for resentencing.
 
 I. Statement of the Case
 
 2
 Boyless pleaded guilty, pursuant to a Rule 11 plea agreement to one count (count one) of conspiring to distribute cocaine, and one count (count eighteen) of using or carrying a firearm during and in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1). At the time of his arrest he was in the possession of cocaine and marijuana, discovered in plain view. He also informed the arresting officers that he kept a 12 gauge shotgun in his bedroom. He unsuccessfully challenged, on direct appeal, the factual basis for his § 924(c)(1) conviction. He also filed a motion, pursuant to 18 U.S.C. § 2255, to vacate his convictions.
 
 
 3
 After the appeal was lodged, the Supreme Court decided Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d. 472 (1995), in which it held that a defendant cannot be convicted of using or carrying a firearm during and in relation to a drug trafficking offense unless the defendant actively uses the firearm. Subsequent to Bailey, the government filed a confession of error, seeking to have count eighteen vacated, and Boyless resentenced.
 
 
 4
 Boyless, however, seeks to have his § 924(c)(1) conviction vacated on other grounds, namely that he was provided ineffective assistance of counsel. Boyless argues that his attorney, William Swor, elicited testimony from him that provided the factual basis for his § 924(c)(1) conviction. The government argues that given Bailey, this ineffective assistance of counsel claim is moot.
 
 
 5
 Additionally, Boyless also argues that the district erred in not granting a hearing on his § 2255 motion. He maintains that a hearing should have been granted to provide the factual basis for the argument that his original counsel, Gail Benson, improperly withdrew from the case. Boyless further maintains that a hearing was necessary to inquire into allegations that his appointed counsel, William Swor, was ineffective as a result of a conflict of interest.
 
 II. Discussion
 
 6
 We will first address the 924(c)(1) issue. The government correctly argues that the Boyless' ineffective assistance claim based upon the § 924(c)(1) conviction is moot. According to Bailey, a defendant's § 924(c)(1) conviction must be set aside where the defendant did not actively employ the firearm. Bailey, 116 S.Ct. at 506 ("We conclude that the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm."). It is undisputed that Boyless did not actively employ the shotgun in the process of trafficking narcotics. Consequently, his conviction must be vacated, and he must be resentenced. See, e.g., United States v. Hernandez, 85 F.3d 1023, 1031 (2d Cir.1996) ("It is clear that ... a remand [to the district court] for resentencing is appropriate when a § 924 conviction is reversed in light of Bailey."); United States v. Clements, 86 F.3d 599 (6th Cir.1996); United States v. Causey, 91 F.3d 144, 1996 WL 403119 (6th Cir.1996).
 
 
 7
 Boyless also appeals the lower court's refusal to conduct a hearing, regarding his 28 U.S.C. § 2255 motion to vacate his sentence. He argues that a hearing was necessary because: (a) his original counsel, Benson, improperly withdrew from the case; and (b) the counsel who actually represented him, Swor, had a conflict of interest.
 
 
 8
 A district court's denial of a § 2255 motion is reviewed de novo for abuse of discretion. Green v. United States, 65 F.3d 546, 548 (6th Cir.1995). A district court's findings of fact must be accepted unless they are clearly erroneous. Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992). Moreover, an evidentiary hearing need not be conducted on a § 2255 motion where the record conclusively shows that the defendant is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 9
 In this case, the district court determined that Benson did not improperly withdraw from the case. The district court found that Benson notified Boyless that she would only enter a limited appearance since Boyless could not pay her full retainer fee. The district court also found that following Benson's withdrawal, she helped to assure that Boyless would receive appointed counsel. Given these circumstances, the district court did not err in failing to find an impropriety in Boyless' withdrawal from the case. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.1993) (per curiam) (holding that an evidentiary hearing is not required where the files and the records conclusively show that a petitioner is not entitled to relief); Baker v. United States, 781 F.2d 85, 92 (6th Cir.1986).
 
 
 10
 The court also correctly ruled that a hearing was not necessary on the conflict of interest claim. Boyless sought a hearing to determine whether Mr. Swor's "possible representation" of an individual named Carlos Burgos constituted a "possible conflict of interest." However, Boyless does not provide any facts to support this possible conflict of interest claim. Consequently, the motion was properly denied. See, e.g., Matthews v. United States, 11 F.3d 583, 584-85 (6th Cir.1993).
 
 III. Conclusion
 
 11
 Therefore, we AFFIRM the district court's denial to grant a hearing on Defendant's § 2255 motion, VACATE Boyless' § 924(c)(1) conviction, and REMAND to the district court for resentencing.