**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Willie CAUSEY, Defendant–Appellant**

**No. 99–2467, 00–1032.**

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2001.

---

Before MERRITT and GILMAN, Circuit Judges; BELL,* District Judge.

After the Court issued its opinion of September 27, 2000, in this case affirming the judgment of the District Court, the defendant-appellant Causey moved to rehear the case based on the intervening decision of the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holding that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Here defendant was charged in count one with possession of an unspecified quantity of cocaine base with intent to distribute. The government concedes that: "Because the jury did not determine the quantity, the new rule in *Apprendi* would limit the sentence to 240 months. Defendant received 262 months on that count, concurrent with the other sentences."

In view of the government's concession in this case, and in view of the fact that the District Court has not had an opportunity to review the *Apprendi* issue because it was presented for the first time in the defendant's petition to rehear, the case is remanded to the District Court for reconsideration of the sentence imposed. By its terms, the *Apprendi* case is applicable to cases pending on direct appeal; but in view of the fact that no record was made on the *Apprendi* issue in the court below, this Court concludes that it should remand the case to the District Court for reconsideration of this issue.

Accordingly, it is so ORDERED.