UNITED STATES of America,
Plaintiff–Appellee,

v.

Willie CAUSEY, Defendant–Appellant.

No. 02–1698.

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

### ORDER

Willie Causey appeals pro se his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Causey of possession of cocaine base (count 1), heroin (count 2), and phencyclidine (count 3) with intent to distribute in violation of 21 U.S.C. § 841, using and carrying a firearm during and in relation to a drug trafficking offense (count 4) in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm (count 5) in violation of 18 U.S.C. § 922(g). The district court sentenced Causey to 262 months of imprisonment on count 1, and concurrent sentences of 240 months on count 2, 60 months on count 3, and 120 months on count 5, and a consecutive 60–month term of imprisonment on count 4. In Causey's first appeal, a panel of this court vacated Causey's § 924(c) conviction, in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and remanded the case for re-sentencing. *United States v. Causey,* No. 95–1129, 1996 WL 403119 (6th Cir. July 17,

1996). On remand, the district court vacated the consecutive sixty month sentence for the § 924(c) conviction and reimposed the same sentences on the other convictions, for a total of 262 months of imprisonment.

In Causey's second appeal, this court concluded that the remand order was broad enough to encompass sentencing issues beyond the *Bailey* issue, and it again remanded the case for re-sentencing. *United States v. Causey,* No. 96–2565, 1999 WL 357796 (6th Cir. May 17, 1999). On remand, the district court entertained each of Causey's sentencing arguments and reimposed the same sentence.

In Causey's third direct appeal, this court affirmed Causey's convictions and sentence. *United States v. Causey,* Nos. 99–2467, etc., 2000 WL 1478369 (6th Cir. Sept.27, 2000), *reh'g granted,* 24 Fed.Appx. 283 (6th Cir.2001). Causey filed a petition for rehearing asserting that his conviction was illegal in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On rehearing, this court remanded the case to the district court for re-sentencing because the district court did not have an opportunity to review the *Apprendi* issue. On remand, the district court determined that the armed career criminal guideline provisions applied, and it concluded that the applicable range was 262 to 327 months because Causey had possessed a firearm. The court granted Causey's motion for a downward departure (based on health reasons) and sentenced him to a total of 180 months of imprisonment, including an increase for count 5 from 120 months to 180 months.

On appeal, Causey essentially argues that: 1) the federal drug statutes are unconstitutional; 2) his sentence is illegal

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

because the indictment did not identify any specific drug quantities; 3) during the third sentencing proceeding, the district court improperly "corrected" his sentence for count 5; 4) the district court ignored the United States Sentencing Guidelines when it sentenced him on the drug counts (counts 1 to 3); and 5) his conviction for being a felon in possession of a firearm is invalid because of improper jury instructions.

Upon review, we conclude that Causey is not entitled to relief on his first claim. This court has considered Causey's argument in this regard and refused to declare § 841 unconstitutional in light of *Apprendi*. *See United States v. Martinez*, 253 F.3d 251, 256 n. 6 (6th Cir.2001).

Causey is also not entitled to relief on his second claim. The lack of a drug quantity in the indictment did not deprive the trial court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Furthermore, Causey's sentence (120 months for counts 1 and 2, and 60 months for count 3) is not in violation of *Apprendi* because he was sentenced at or below the statutory maximum for his offenses. *See, e.g., United States v. Munoz*, 233 F.3d 410, 413–14 (6th Cir.2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000). The record does not reflect that a judge determined an amount of drugs or any other sentencing factor that produced a sentence beyond the maximum penalty contemplated by the offense of conviction.

Causey is not entitled to relief on his third claim because the court's decision to correct Causey's sentence for count 5 during the third sentencing proceeding did not exceed this court's remand order. Following Causey's successful appeal of his December 4, 1996, sentencing, a panel of this court remanded the matter to the district court for de novo re-sentencing. *Causey*, 1999 WL 357796, at *1. Moreover,

as is discussed above, the sentence was proper because the 180 month sentence was required by the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e). Causey does not dispute that he has the requisite number of predicate offenses to be sentenced as an armed career criminal. Causey has not presented anything to support his contention that the sentencing court was prohibited from correcting his sentence in this respect after this court remanded the case for de novo re-sentencing. *See, e.g., Pasquarille v. United States*, 130 F.3d 1220, 1222–23 (6th Cir. 1997); *United States v. Duso*, 42 F.3d 365, 368 (6th Cir.1994).

Causey is not entitled to relief on his fourth claim. This court has already upheld the district court's determination that Causey should be sentenced as an armed career offender pursuant to the sentencing guidelines. *Causey*, 2000 WL 1478369, at *2. The determination of Causey's sentence under USSG § 4B1.4 was not dependent on the amount of drugs attributed to Causey. Rather, his guidelines range was dictated by his status as an armed career criminal.

Finally, Causey is not entitled to relief on his fifth clam. Causey failed to raise this claim in his initial direct appeal. Citing to *United States v. Adesida*, 129 F.3d 846, 849–50 (6th Cir.1997), this court has stated that Causey waived his right to raise new challenges to his conviction on appeal after remand. *Causey*, 2000 WL 1478369, at *1. Moreover, Causey has not established that his substantial rights were violated because he does not dispute that he stipulated that he was a convicted felon.

Accordingly, we affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.