986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Wayne FENNELL, Defendant-Appellant.
 No. 92-1001.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 1
 Before BALDOCK, Circuit Judge, KELLY, Circuit Judge, and CAUTHRON, District Judge*.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ROBIN J. CAUTHRON, District Judge.
 
 
 4
 Fennell was convicted of conspiracy to possess with intent to distribute and to distribute cocaine and was sentenced to a prison term of twenty months. This conviction was affirmed in United States v. Fennell, 945 F.2d 411 (10th Cir.1991). The trial court sentenced Fennell to a twenty-four month term of imprisonment following a finding of a violation of supervised release.
 
 
 5
 At the request of the parties this case was ordered submitted without oral argument. We assume jurisdiction pursuant to 28 U.S.C. § 1291. The issues raised in this appeal are (1) whether the trial court improperly failed to consider alternatives to imprisonment upon a violation of supervised release and (2) whether the trial court erred in denying Fennell any right to allocution. We answer these questions in the negative and affirm.
 
 
 6
 Fennell served his sentence and prior to his release reviewed and signed the conditions of supervised release, including that he would not violate federal, state, or local law. Fennell was released on May 17, 1991, and was to serve three years on supervised release.
 
 
 7
 Two days later Fennell was arrested for second degree assault in connection with a domestic violence incident, and a complaint-information was filed, but was later dismissed due to the "unwillingness of the victim, Barbara O'Donnell, to cooperate with the Office of the District Attorney in the prosecution of the defendant by evading service of a trial subpoena." R. I, at app. 5, p. 2 (unnumbered). The Probation Office prepared a probation violation hearing report that advised the court of the provisions of 18 U.S.C. § 3583(e), and also directed the trial court's attention to the policy statement of § 7B1.3(a)(1) that provided upon a finding of a Grade A violation, the trial court shall revoke supervised release and impose a term of imprisonment pursuant to § 7B1.4.
 
 
 8
 A hearing was conducted, and evidence was adduced from which the trial court concluded that Fennell had beaten and severely injured the woman with whom he was living and that the beating had occurred in her home where her children were also living and within only two days of Fennell's release from prison.
 
 
 9
 At the revocation hearing Fennell was advised of his right to testify but did not choose to do so. At the close of the evidence, the trial court requested any statements the parties might wish to make. The trial court found that Fennell had violated his conditions of supervised release, committing a Grade A violation, and his criminal history category was III.4. His Guideline range was eighteen to twenty-four months imprisonment. The trial court stated:
 
 
 10
 On somewhat conflicting testimony we find that the overwhelming testimony is that the defendant did breach the terms and conditions of supervised release, that in an unwarranted way he did cause serious injuries to the victim, out of all proportion to any argument.
 
 
 11
 We are concerned over the statement that if I had a gun here I would kill you....
 
 
 12
 R. II at 87. Thereafter, without asking for allocution on the part of Fennell for purposes of sentencing, the trial court immediately sentenced him to twenty-four months imprisonment.
 
 
 13
 Title 18 U.S.C. § 3583(e) governs modification of conditions or revocation of supervised release and sets forth several alternatives for the trial court to consider. The trial court may: 1) terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervised release; 2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce or enlarge the conditions of supervised release; 3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision; or 4) order the defendant under house arrest. See 18 U.S.C. § 3583(e). Fennell contends that the trial judge did not expressly consider alternatives to prison pursuant to 18 U.S.C. § 3583(e), but instead sentenced defendant to prison pursuant to the Guidelines' policy statement of § 7B1.3(a)(1) that provides upon a finding of a Grade A violation, the trial court shall revoke supervised release and impose a term of imprisonment pursuant to § 7B1.4.
 
 
 14
 First, we find that the Guidelines, which are established by statute, do not conflict with 18 U.S.C. § 3583(e). The policy statements of the Guidelines must be considered by the sentencing court, but are only advisory in nature. United States v. Brooks, --- F.2d ----, ----, No. 91-5144, 1992 WL 267408 at * 1 (10th Cir. Oct. 8, 1992).
 
 
 15
 Second, Fennell did not raise the issue of consideration of alternatives to prison with the trial court. To the extent this panel finds that error should have been asserted below and was not, review is for plain error. Rule 52, Fed.R.Crim.P., provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Errors may be noticed for the first time on direct appeal "if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160 (1936). Plain error is " ' "both obvious and substantial." ' " United States v. Jefferson, 925 F.2d 1242, 1254 (10th Cir.) (quoting United States v. Brown, 555 F.2d 407, 420 (5th Cir.1977), cert. denied sub nom. and cert. denied, 435 U.S. 904 (1978) (in turn quoting Sykes v. United States, 373 F.2d 607, 612 (5th Cir.1966), cert. denied, 386 U.S. 977 (1967))), cert. denied, 112 S.Ct. 238, 239 (1991). If the trial court erroneously believed it was limited in exercising its discretion, then the reviewing court considers that to be plain error. United States v. Jefferson 925 F.2d at 1259. However, the defendant's imprisonment was reasonable under the circumstances of this case where the trial court found that defendant used violence and threatened the life of another almost immediately after his release from prison. We find no obvious and substantial error in this regard.
 
 
 16
 Third, the trial court was not obliged to make findings as to its consideration of prison alternatives. Therefore, any review we make for plain error would be for what went on in the judge's mind and such review is really not proper when first noticed on appeal. See United States v. Perez, 955 F.2d 34, 36 (10th Cir.1992) (citing Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989)).
 
 
 17
 Although normally it would not be considered proper for this court to try to determine what went on a trial judge's mind, the circumstances of this case permit us to do so and we can conclude there was no error. Alternatives to prison are not sensible in light of the trial court's findings of serious violence occurring almost immediately after Fennell's release from custody. Incarceration alternatives would not protect the public under such circumstances and are indefensible. The victims's recantation was rejected by the trial court and thus serves as no rational basis for a community security classification.
 
 
 18
 There is also no indication that the trial court believed that its discretion was limited. Only if the shortest amount of prison time had been assessed might an inference arise suggesting that consideration of alternatives might have made any discernable difference in the sentencing. Instead, Fennell was given the maximum amount of time in prison. Thus, it is not logical for the trial judge to seriously consider alternatives to imprisonment under the circumstances, and consequently there is no substantial prejudice to Fennell. There is also no evidence that the trial court failed to take alternatives to prison into account before rejecting their viability, and a trial court is presumed to know and follow the law. See United States v. Boggs, 775 F.2d 582, 586 n. 6 (4th Cir.1985), cert. denied, 476 U.S. 1106 (1986). We therefore conclude that the trial court did not err on the issue of consideration of alternatives to prison.
 
 
 19
 Next, Fennel argues that the trial court erred in denying him a right of allocution. There is no question that failure to provide a defendant with the right to speak prior to original sentencing is an error that is cognizable on direct appeal, and the remedy is resentencing of the defendant. United States v. Latimer, 548 F.2d 311, 315 (10th Cir.1977); United States v. Turner, 741 F.2d 696, 698 & n. 3 (5th Cir.1984). The question for this appeal is whether this rule applies at supervised release revocation hearings, and we conclude that it does not.
 
 
 20
 Fennell argues that he had a statutory right of allocution following his supervised release revocation hearing because the scope of the new sentence was not predetermined. See United States v. Barnes, 948 F.2d 325, 329-31 (7th Cir.1991). The Supreme Court has indicated that at original sentencings trial courts should strictly comply with Fed.R.Crim.P. 32(a)(1)(C), which reads that the court shall "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." See Green v. United States, 365 U.S. at 305; see also United States v. Gardner, 480 F.2d 929, 932 (10th Cir.) (failure by trial court to follow formal requirements of Rule 32 requires resentencing), cert. denied, 414 U.S. 977 (1973); accord Martin v. United States, 309 F.2d 81, 82 (10th Cir.1962) (dictum), cert. denied, 374 U.S. 834, 836 (1963). The right cannot be waived at sentencing because under Rule 32(a)(1)(C) the burden is on the trial court to inquire as to whether defendant wishes to speak. United States v. Barnes, 948 F.2d at 331.
 
 
 21
 However, we believe that Rule 32(a)(1)(C) does not control this matter because the issue did not arise at the original sentencing stage, but rather at a supervised release revocation hearing. Rule 32.1(a)(2) & (b) controls at the revocation stage. Unlike original sentencings, supervised release revocation hearings are not criminal trials and not all constitutional and statutory protections apply. See Minnesota v. Murphy, 465 U.S. 420, 435 n. 7 (1984) (probationers are not entitled to a jury trial nor do they enjoy the privilege against compelled self-incrimination at revocation hearings); Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (evidence, inadmissible at a criminal trial, may be considered at parole revocation hearings). In this regard Rule 32.1 does not mandate the trial court to personally address the defendant and expressly ask if a statement is desired in mitigation of the sentence as is required under Rule 32(a)(1)(C). Instead, Rule 32.1(a)(2) only requires that the defendant be given:
 
 
 22
 (A) written notice of the alleged violation;
 
 
 23
 (B) disclosure of the evidence against the person;
 
 
 24
 (C) an opportunity to appear and to present evidence in the person's own behalf;
 
 
 25
 (D) the opportunity to question adverse witnesses; and
 
 
 26
 (E) notice of the person's right to be represented by counsel.
 
 
 27
 Fed.R.Crim.P. 32.1(a)(2). There is no contention that these rights were not provided. Then, in the event of a revocation of supervised release, which occurred here, what is required is a hearing and assistance of counsel. Fed.R.Crim.P. 32.1(b). Fennell was afforded these statutory rights.
 
 
 28
 Moreover, the trial court explicitly asked Fennell if he wanted to testify at his revocation hearing and defense counsel stated that she advised him of his right. Defendant declined and stated in the record that he understood the court's remark that "[a]t no time in the future are you going to be able to tell this Court or some other court that you were not given the chance to testify...." R. II at 81. Later after the trial court found that Fennell had violated the terms of his supervised release, Fennell was immediately sentenced. Fennell was not overtly denied any request to speak on behalf of mitigation of his sentence as he did not even request to speak even though he had had the prior experience of allocution at his original sentencing. Such conduct under these circumstances constitutes waiver. Also, Fennell does not claim that his attorney failed to advise him of his rights, and it is the responsibility of defendant and counsel to make the trial court aware of any desire to speak.
 
 
 29
 We therefore conclude that Fennell was not entitled to a right of allocution at his supervised release revocation hearing. Further, Fennell did not even request to speak, he was not denied any such request, and based on his prior sentencing experience he waived any opportunity to speak on behalf of mitigation of his sentence.
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable Robin J. Cauthron, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3