23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy DENNE, Defendant-Appellant.
 No. 93-3080.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Timothy Denne appeals a district court order revoking his term of supervised release and imposing an eighteen-month term of imprisonment. He argues that the district court erred in not requiring his presence at the resentencing and in imposing a sentence exceeding the range authorized in the sentencing guidelines. Finding that the district court committed no error, we affirm.
 
 
 2
 * In 1989, Denne pleaded guilty to credit card fraud, in violation of 18 U.S.C. Secs. 1029(a)(2) & (c)(1), and was sentenced to serve six months' imprisonment, including three months in a community treatment center, and three years of supervised release. In December 1991, after Denne's release from prison and the community treatment center, the probation office filed with the district court a report detailing Denne's numerous violations of the conditions of his supervised release. In March 1992, following a hearing, the district court found that Denne had committed numerous violations of the conditions of his supervised release. The court revoked supervised release and sentenced Denne to eighteen months' imprisonment.
 
 
 3
 Denne appealed, arguing that the district court erred by failing to adhere to U.S.S.G. Sec. 7B1.4, p.s., which provides, in Denne's case, a recommended sentencing range of four to ten months' imprisonment for violating the terms of his supervised release. This court, in United States v. Denne, No. 92-3280 (6th Cir. Oct. 26, 1992) (unpublished order), determined that, while the district court is not compelled to follow the sentencing recommendations set out in Sec. 7B1.4, the district court must take the Sec. 7B1.4 policy statement under consideration. Because the record did not indicate whether the district court had considered the relevant policy statement, we vacated the district court's order and remanded the case for resentencing.
 
 
 4
 On remand, the district court ruled that it had already considered the policy statement set forth in Sec. 7B1.4 and it reinstated its prior order revoking supervised release and imposing an eighteen-month sentence of imprisonment. Denne appeals that order reinstating the eighteen-month sentence.
 
 II
 
 5
 * On this appeal, Denne does not challenge the revocation of his supervised release or the 18-month sentence. Rather, he argues that the district court erred by not requiring his presence at the resentencing following the remand. He contends that a defendant's right to be present at sentencing, under Fed.R.Crim.P. 43(a), extends to cases where, as here, an appellate court has vacated the entire sentencing package and remanded the case to the district court for resentencing.
 
 
 6
 Generally, a criminal defendant must be given an opportunity to be present and speak at the time of sentencing. Fed.R.Crim.P. 43(a), 32(a); United States v. Pelaez, 930 F.2d 520, 522-23 (6th Cir.1991). To the extent that these requirements apply with full force to proceedings involving sentencing after the revocation of supervised release, the district court complied with them in this case. See Fed.R.Crim.P. 32.1(a)(2) (no explicit right to allocution); United States v. Coffey, 871 F.2d 39, 41 (6th Cir.1989) (allocution not required before resentencing after revocation of probation); United States v. Fennell, No. 92-1001, 1992 WL 401587, at * * 4 (10th Cir. Dec. 22, 1992) (unpublished) (no right of allocution at revocation of supervised release). Denne was present at the hearing at which his supervised release was revoked and at which he was sentenced. He does not contend that he was denied an opportunity to address the court. After the subsequent remand from this court, however, no hearing was held and, consequently, Denne did not appear again before the court for resentencing.
 
 
 7
 Ordinarily, where a sentence is vacated in its entirety on appeal and remanded for resentencing, the subsequent sentencing proceedings are de novo. See United States v. Barnes, 948 F.2d 325, 330 (7th Cir.1991); United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 112 S.Ct. 225 (1991). The defendant's right to be present extends to the imposition of the new sentencing package. United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir.1991).
 
 
 8
 However, the defendant need not be present every time judicial action modifying a sentence is taken. For example, Fed.R.Crim.P. 43(c) specifically states that the defendant need not be present at "a conference or argument upon a question of law" or at "a reduction of sentence." Further, where the subsequent proceedings are merely remedial in nature, such as those in which an illegal sentence is corrected, the defendant's presence is not required, so long as the modification does not make the sentence more onerous. Jackson, 923 F.2d at 1497; United States v. Moree, 928 F.2d 654, 655-56 (5th Cir.1991). See also United States v. Miller, 900 F.2d 919, 925 (6th Cir.1990) (district court had not stated that it had considered the relevant statutory factors in imposing the original sentence; no need for new sentencing hearing where district court corrected this oversight in a post-sentencing order). In such cases, the purposes of requiring the defendant's presence and giving him an opportunity to speak have been served: The defendant has had an opportunity to challenge the accuracy and reliability of the information upon which the sentencing judge relied and to present any evidence in mitigation. Jackson, 923 F.2d at 1496-97.
 
 
 9
 Here, the purpose underlying the requirement of a defendant's presence at sentencing had been accomplished by the time this court remanded Denne's case for resentencing. Denne had already been given the opportunity to challenge the accuracy and reliability of the information upon which the sentencing judge relied and to present any evidence in mitigation. The record does not indicate that any new evidence was introduced or that the district court relied on any new material in resentencing Denne. On remand, the district court was correcting an allegedly illegal sentence--i.e., one that possibly had been imposed without consideration of the Sec. 7B1.4 policy statement--and the modification did not result in a more onerous sentence for Denne. Just as no new sentencing hearing was required in Miller, no new sentencing hearing was required in this case on remand. Thus, the district court did not err in imposing the sentence without Denne's presence.
 
 B
 
 10
 Denne also contends that the district court failed to identify aggravating factors to justify a sentence exceeding the sentencing range set out in Sec. 7B1.4. He argues that because the district court's sentencing order did not state reasons for exceeding the Sec. 7B1.4 policy statement, the court did not comply with 18 U.S.C. Sec. 3553(c) and his sentence should be vacated again.
 
 
 11
 United States v. Cohen, 965 F.2d 58, 61 (6th Cir.1992), clearly states that the policy statements in Sec. 7B1.4 "are not binding upon the district court, but must be considered by it in rendering a sentence for a violation of supervised release." On remand, the district court in this case stated that it "did indeed give full consideration to the provisions set forth in Sec. 7B1.4," but rejected them and reinstated the original sentence of eighteen months' imprisonment. Thus, the district court complied with the requirements of Cohen regarding Sec. 7B1.4.
 
 
 12
 As to the district court's alleged failure to comply with 18 U.S.C. Sec. 3553(c), which requires the court to state in open court the reasons for imposing a particular sentence, the district court, when working with the Chapter 7 policy statements, need not "justify its decision to impose a sentence outside of the prescribed range ... by finding an aggravating factor that warrants an upward departure under 18 U.S.C. Sec. 3553(b)." United States v. Blackston, 940 F.2d 877, 893 (3d Cir.), cert. denied, 112 S.Ct. 611 (1991). The court must state on the record only its general reasons for rejecting the policy statements and for imposing a more stringent sentence. Id., 940 F.2d at 894. The district court in this case did just that in the original sentencing for revocation of Denne's supervised release, albeit without any specific reference to the factors enumerated in 18 U.S.C. Sec. 3553(a), which must be considered in imposing a sentence. At the March 1992 revocation hearing, the district court detailed Denne's post-sentencing criminal history, noting that Denne had committed "multiple and very serious violations." The court thus considered Denne's criminal history and the seriousness of his offenses. 18 U.S.C. Secs. 3553(a)(1), (a)(2)(A). The district judge also stated that, given Denne's drunk-driving record and his failure to participate in treatment and to report to his probation officer, Denne "must have been drunk most of the time and driving most of the time and violating the law most of the time." This statement reflects the district court's concern with deterring future criminal conduct by Denne, protecting the public from any future crimes, and providing Denne with effective treatment. 18 U.S.C. Secs. 3553(a)(2)(B), (C), (D). The district court was not required to restate those reasons in its January 1993 resentencing order.
 
 III
 
 13
 For the foregoing reasons, the order of the district court is AFFIRMED.