**UNITED STATES of America**

v.

**Michael CROWDER.**

**Nos. 1:92–cr–0079, 1:96–cv–044.**

United States District Court,
E.D. Tennessee,
Southern Division.

Oct. 28, 1996.

1184

Leah J. Prewitt, Federal Defender Services of Eastern Tennessee, Inc., Knoxville, TN, for plaintiff.

Michael Crowder, Atlanta, GA, pro se.

Carl K. Kirkpatrick, U.S. Attorney, E.D. Tenn., Knoxville, TN, for defendant.

### MEMORANDUM

EDGAR, District Judge.

Defendant Michael Crowder ("Crowder") has made a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He contends that his judgment of conviction and sentence under Count 2 of the indictment for violating 18 U.S.C. § 924(c)(1) should be vacated and set aside in light of the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Defendant argues that there was an insufficient factual basis to support his guilty plea for using or carrying a firearm during and in relation to a drug-trafficking crime. The government does not oppose the motion to vacate the Section 924(c) conviction.

The government contends that the sentence under Count 1 should be corrected to include an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of the firearm. Crowder opposes having his sentence on Count 1 modified and recalculated for any reason.

After reviewing the record, the Court concludes that the Section 2255 motion will be **GRANTED.** The sentence on Count 2 will be **VACATED.** The defendant's sentence under Count 1 will be corrected and recalculated to include an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

### I. Facts

A five-count indictment was issued charging Crowder with possessing crack cocaine with the intent to distribute and using or carrying firearms while trafficking in crack cocaine. Crowder entered into a plea agreement with the government whereby he agreed to plead guilty to Counts 1 and 2.

Count 1 charged Crowder with possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Count 2 charged that Crowder used and carried a firearm, a loaded .32 caliber pistol, during and in relation to the drug-trafficking offense in violation of 18 U.S.C. § 924(c).

The presentence investigation report contains the following summary of the relevant facts:

> Sometime prior to July 26, 1991, Officer Darrell Turner of the Chattanooga Police Department received information from an informant that cocaine was being distributed from the residence at 315 West 37th Street in Chattanooga, Tennessee. Officer Turner initiated surveillance upon this residence, and over a two week period observed Michael Crowder and Roy Lane coming and going from this house. He also observed numerous known drug users going in and out of the house. After receiving word from an informant that the informant had observed cocaine for sale inside the house within the past 72 hours, Officer Turner obtained a search warrant. On July 26, 1991, officers of the Chattanooga Police Department executed the search warrant at 315 West 37th Street. Present at the residence were Michael Crowder, Roy Lane, and Mr. Crowder's former girlfriend Tabatha Hall. Lane had in his possession 6.1 grams of crack cocaine, and $3,193 in United States currency. Crowder had in his possession 3.4 grams of crack cocaine. When the police entered the house, they had observed that Crowder and Lane were in the process of exiting the living room and entering the kitchen. When the officers searched the living room area, they found an additional 8.9 grams of crack cocaine on a living room table. They found a loaded .32 calibre pistol in a closet in the living room.

> Police officers subsequently interviewed the defendant's sister, Nanetta Crowder, in whose name 315 West 37th Street was leased. Ms. Crowder indicated that she allowed Michael Crowder and Roy Lane to distribute crack cocaine out of her apartment. In return, she received from Michael Crowder between $50 and $100 per month. She recalled that they had begun selling cocaine in the vicinity of her house in about January of 1991, and had begun using her house itself for their sales in about March of 1991. Ms. Crowder indicated that, although both men used her house, Michael Crowder and Roy Lane did not work together distributing drugs. She indicated that her brother Michael, who cut and sold crack out of her house, used the residence more frequently than did Mr. Lane. As to the firearm the police had seized from her living room closet, Ms. Crowder indicated that her brother Michael Crowder did know where the firearm was kept, and that she had seen him in possession of it.

The judgment of conviction was entered on October 22, 1992. The Court sentenced Crowder to 60 months imprisonment on Count 1 and 60 months on Count 2, to run consecutively, for a total term of 120 months imprisonment.

## II. Analysis

### A. Correction of Sentence and U.S.S.G. § 2D1.1(b)(1)

■ The government contends that if the Section 924(c) judgment of conviction is to be vacated, then defendant should be resentenced under Count 1 for violating 21 U.S.C. § 841(a)(1). The government wants the sentencing guidelines recalculated under Count 1 to include an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the drug-trafficking offense. A defendant can possess a firearm for purposes of sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) even though he did not use or carry the firearm in violation of 18 U.S.C. § 924(c). The Supreme Court and the Sixth Circuit have recognized that if a defendant is acquitted on a Section 924(c) charge or if a judgment of conviction for violating Section 924(c) is reversed on appeal, U.S.S.G. § 2D1.1(b)(1) can be applied to enhance a sentence on a drug-trafficking crime where the proof establishes that the defendant possessed a firearm. *Bailey,* —— U.S. at ——, 116 S.Ct. at 509, 133 L.Ed.2d at 484; *United States v. Hill,* 79 F.3d 1477, 1486 n. 4 (6th Cir.1996); *United States v. Baker,* 91

F.3d 144, 1996 WL 382264, at 2–3 (6th Cir. July 5, 1996); *United States v. Elder,* 90 F.3d 1110, 1133 (6th Cir.1996); *cf. United States v. McCall,* 85 F.3d 1193, 1198 (6th Cir.1996); *United States v. Duncan,* 918 F.2d 647, 650 (6th Cir.1990), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991).

Although the parties and the Court use the term "resentencing," the more proper description of the relief to be granted on the Section 2255 motion is a correction of the sentence. The Court is not sentencing defendant again under FED.R.CRIM.P. 32. Instead, the Court will correct the sentence pursuant to Section 2255. When the Court uses the terms "resentence" and "resentencing," it means a correction or modification of the sentence under Section 2255 and not the sentencing procedures provided in Rule 32.

Defendant opposes the government's request for resentencing. He raises several arguments why he should not be resentenced on Count 1 under 28 U.S.C. § 2255 to enhance and increase his sentence pursuant to U.S.S.G. § 2D1.1(b)(1). The arguments fall into the following basic categories: (1) lack of jurisdiction; (2) double jeopardy; and (3) due process. The Court concludes that these arguments are without merit and the defendant's sentence under Count 1 should be corrected and enhanced.

### 1. Jurisdiction

Defendant first argues that his Section 2255 motion is limited in scope and only challenges the judgment of conviction and sentence under Count 2 based on the charge that he violated 18 U.S.C. § 924(c). In his Section 2255 motion, defendant does not expressly raise a question about and challenge the sentence imposed under Count 1 of the indictment. Thus, defendant argues that the Court lacks jurisdiction to reconsider and correct his sentence under Count 1.

 Federal courts are courts of limited jurisdiction. They are empowered to decide only those cases authorized and defined in the United States Constitution which have been entrusted to them under a jurisdictional grant from Congress. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S.

375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391, 395 (1994); *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *United States v. Blackwell,* 81 F.3d 945, 946 (10th Cir.1996); *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994). Congress has authorized the federal courts to modify criminal sentences only in certain limited circumstances. The authority to change a sentence must derive from some federal statute or the FEDERAL RULES OF CRIMINAL PROCEDURE. *Blackwell,* 81 F.3d at 946–47; *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994). With the exception of certain powers which fall within the rubric of "inherent powers," federal courts cannot act in the absence of statutory authority. *Blackwell,* 81 F.3d at 947; *United States v. Hardage,* 58 F.3d 569, 574 (10th Cir.1994). Sentences may be modified pursuant to 18 U.S.C. § 3582(c), 28 U.S.C. §§ 2255 and 2106, and FED.R.CRIM.P. 35. A district court does not have the inherent authority to resentence a defendant at any time. *Blackwell,* 81 F.3d at 949; *United States v. Lewis,* 862 F.2d 748, 750 (9th Cir.1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989).

Defendant cites *United States v. Henry,* 709 F.2d 298, 308 (5th Cir.1988) (*en banc*), for the general proposition that where a sentence is illegal in part, the correct procedure is to strike and vacate only the illegal portion of the sentence and leave the rest undisturbed. However, *Henry* did not involve a motion for habeas relief brought pursuant to 28 U.S.C. § 2255. This Court does not consider *Henry* to be persuasive authority with regard to interpreting and applying Section 2255. Rule 35 and Section 2255 are not coterminous. *United States v. Taylor,* 768 F.2d 114, 119 (6th Cir.1985); *United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983). The question in the present case is the precise extent of the Court's authority to resentence defendant Crowder under Section 2255.

The defendant's reliance on *Henry* is misplaced. *Henry* is clearly distinguishable from the instant case because *Henry* involved a motion under former Rule 35(a) of the FEDERAL RULES OF CRIMINAL PROCEDURE to correct an illegal sentence. Former Rule

35(a) provided in relevant part: "[t]he court may correct an illegal sentence at any time." *Id.* at 307. The Fifth Circuit in *Henry* held that former Rule 35(a) only authorized federal district courts to correct a sentence to the extent that it was "illegal" and the valid, legal portion of the sentence must be left alone. *Accord, United States v. Moreno–Hernandez*, 48 F.3d 1112, 1116 (9th Cir. 1995); *United States v. Jordan*, 895 F.2d 512, 515 (9th Cir.1989); *United States v. Minor*, 846 F.2d 1184, 1188–89 (9th Cir.1988). The Fifth Circuit also determined that federal courts do not have the inherent authority to increase a legal sentence on one count in reaction to a defendant's motion successfully challenging an illegal sentence on a different count. Federal district judges could not use former Rule 35(a) to revise upward and increase legal sentences on counts which had been affirmed on appeal when illegal sentences on other counts against the same criminal defendant were vacated under former Rule 35(a).[1]

It is significant that *Henry* was decided prior to the enactment of the UNITED STATES SENTENCING GUIDELINES. As explained *infra*, the sentencing guidelines are of vital importance when reconsidering a comprehensive sentencing plan or sentence package imposed in a multi-count case where one count involves a conviction and sentence for violating 18 U.S.C. § 924(c). The Fifth Circuit has subsequently criticized its decision in *Henry* and recognized its limitations. In *United States v. Colunga*, 786 F.2d 655, 658–59 n. 4 (5th Cir.1986), the Fifth Circuit explained that the swing votes in *Henry* depended on

the presence of one clearly illegal sentence and another, separate sentence which was clearly legal. It is possible, however, that the illegality of a sentence can be intertwined with a sentence on another count. The presence of both sentences can make the entire sentencing scheme illegal. One of the swing votes in *Henry* expressly stated that his conclusion would have been different if the two sentences in *Henry* could have been considered illegal in combination rather than as one distinctly legal sentence and another distinctly separate illegal sentence. *Henry*, 709 F.2d at 318 (Jolly, J., concurring).

Although *Colunga*, 786 F.2d 655, was decided prior to the implementation of the UNITED STATES SENTENCING GUIDELINES, it foreshadowed the way in which the sentencing guidelines operate especially with regard to the interplay between U.S.S.G. § 2D1.1(b)(1) and sentences imposed for convictions under Section 924(c). As the Court discusses below, when defendant Crowder's Section 924(c) conviction and sentence are vacated, his remaining sentence under Count 1 is no longer correct and fails to comply with the UNITED STATES SENTENCING GUIDELINES because it does not take into account the application of U.S.S.G. § 2D1.1(b)(1) to Count 1. In other words, the defendant's sentence under Count 2 for violating Section 924(c) and his sentence under Count 1 which involves U.S.S.G. § 2D1.1(b)(1) are inseparably intertwined and must be considered in combination as components of a single comprehensive sentencing plan pursuant to the sentencing guidelines. Therefore, this Court concludes that the reasoning and holding in

---

**1.** The Seventh Circuit criticized *Henry* and reached the opposite conclusion in *United States v. Bentley*, 850 F.2d 327, 328–29 (7th Cir.), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988), *reh. denied*, 488 U.S. 1051, 109 S.Ct. 885, 102 L.Ed.2d 1008 (1989). *Bentley* holds that whenever a district court is required to revise one aspect of the sentencing scheme for a defendant under former Rule 35(a), it is permitted to reconsider and revise the entire sentence package including so-called "legal" sentences. The Seventh Circuit reasoned that when a multi-count case is reversed on direct appeal on some of the counts and the overall sentencing plan is undone or called into question, the district court has the authority to resentence the defendant on all valid counts in order to achieve a rational, coherent sentencing structure in light of the re-

maining convictions. *Id.* at 328, relying on *United States v. Shue*, 825 F.2d 1111, 1113–14 (7th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). According to the Seventh Circuit, nothing but "pointless formalism" would support any distinction between a sentencing plan disrupted by the reversal and vacatur of the conviction of some counts on appeal and a sentencing plan shattered by the district court's own recognition that the sentencing package is "infested with error." *Bentley*, 850 F.2d at 328–29. A district court might deny a defendant's motion to correct an illegal sentence under former Rule 35(a) and subsequently acquire the power to resentence the defendant on all counts after the inevitable reversal on appeal and remand by the Court of Appeals, but what would be the point? *Id.* at 329.

*Henry* should not be applied to the present case.

In *United States v. Martin,* 913 F.2d 1172, 1175 (6th Cir.1990), the Sixth Circuit cited *Henry* and *Minor* in support of its conclusion that a district court lacks authority to *sua sponte* re-invoke jurisdiction over a criminal case to increase a sentence that the defendant was already serving on a final judgment of conviction where the district court's original jurisdiction had lapsed. The Sixth Circuit in *United States v. Strozier,* 940 F.2d 985, 987 (6th Cir.1991), held that a district court may *sua sponte* amend a sentence (1) if it does so within the time for appeal, and (2) only amends the sentence to conform it to the mandatory provisions of the sentencing guidelines. In the instant case, defendant Crowder has taken the initiative and invoked this Court's jurisdiction under 28 U.S.C. § 2255 to review his judgment of conviction and sentence. This Court is not attempting to *sua sponte* exercise jurisdiction over reconsideration of Crowder's sentence, thus the holdings in *Martin* and *Strozier* are not applicable.

In the final analysis, the Court must look to Section 2255 and not Rule 35 and *Henry* to determine the extent of its authority to resentence defendant Crowder. Section 2255 provides in relevant part that a prisoner in custody under sentence of a federal court, claiming the right to be released upon the ground that the sentence was imposed in violation of the United States Constitution or laws of the United States, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. Section 2255 further provides:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or *correct the sentence as may appear appropriate.*

(Emphasis supplied). This Court interprets the relatively broad, remedial language in Section 2255 as authorizing the Court to correct the defendant's sentence on Count 1 of the indictment on the drug-trafficking conviction and to enhance the sentence on Count 1 pursuant to U.S.S.G. § 2D1.1(b)(1) for having possession of a firearm. The remedy provided in Section 2255 is broad and flexible, and entrusts the federal courts with the power to fashion appropriate relief. *Andrews v. United States,* 373 U.S. 334, 339, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963); *United States v. Garcia,* 956 F.2d 41, 45 (4th Cir.1992); *Grimes v. United States,* 607 F.2d 6, 8 (2nd Cir.1979).

There is nothing in the text of Section 2255 which limits the Court's jurisdiction to only correcting the sentence for the Section 924(c) conviction which is being vacated. Instead, the Court holds that it is authorized under Section 2255 to take necessary and appropriate action to correct the entire sentence package in accordance with the comprehensive sentencing scheme embodied in the UNITED STATES SENTENCING GUIDELINES. The Court has jurisdiction and authority under Section 2255 to reevaluate the entire aggregate sentence to ensure that defendant receives the appropriate sentence on the remaining count, *i.e.,* the sentence the Court would have originally imposed on Crowder on Count 1 under the sentencing guidelines but for the presence of the now-vacated Section 924(c) conviction. *Johnson v. United States,* 936 F.Supp. 432 (E.D.Mich.1996); *Thayer v. United States,* 937 F.Supp. 662 (E.D.Mich.1996); *Mayes v. United States,* 937 F.Supp. 659 (E.D.Mich.1996); *Woodhouse v. United States,* 934 F.Supp. 1008, 1011–12 (C.D.Ill.1996); *Mixon v. United States,* 926 F.Supp. 178, 181–82 (S.D.Ala. 1996); *Merritt v. United States,* 930 F.Supp. 1109, 1112–14 (E.D.N.C.1996); *Pedretti v. United States,* 1996 WL 340769 (N.D.N.Y. April 26, 1996); *Alton v. United States,* 928 F.Supp. 885, 888 (E.D.Mo.1996); *cf. McClain v. United States,* 676 F.2d 915, 917 (2nd Cir.1982), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *contra, Warner v. United States,* 926 F.Supp. 1387, 1396–98 (E.D.Ark.1996); *Rodriguez v. United States,* 933 F.Supp. 279 (S.D.N.Y.1996);

*Beal v. United States,* 924 F.Supp. 913, 917 (D.Minn.1996); *United States v. Forrest,* 1996 WL 428710 (E.D.Va.1996).

This Court's holding is consistent with the well-settled view that where a defendant is sentenced on multiple counts under the sentencing guidelines, there is often a "sentence package" where the sentences imposed on the multiple counts are interdependent. *See, e.g., United States v. Clements,* 86 F.3d 599 (6th Cir.1996); *United States v. Pimienta-Redondo,* 874 F.2d 9, 14 (1st Cir.), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989); *Johnson,* 936 F.Supp. at 434–35; *Thayer,* 937 F.Supp. at 665–66; *Mayes,* 937 F.Supp. at 660–61; *Woodhouse,* 934 F.Supp. at 1013; *Merritt,* 930 F.Supp. at 1114. It is especially true in Section 924(c) cases. Vacating the Section 924(c) conviction against defendant Crowder under Section 2255 upsets the entire original sentence package devised by this Court. *Id.* If Crowder had not been convicted of violating Section 924(c), the Court would have enhanced his sentence under Count 1 for possession of the firearms pursuant to U.S.S.G. § 2D1.1(b)(1). However, since defendant was originally convicted and sentenced for violating Section 924(c), the Court was prohibited at that time from applying U.S.S.G. § 2D1.1(b)(1) to enhance the sentence for the drug-trafficking offense under Count 1 because it would have constituted double counting which is prohibited by law. U.S.S.G. § 2K2.4, comment. (n.2); *Clements,* 86 F.3d at 601; *United States v. Bermudez,* 82 F.3d 548, 550 (2nd Cir.1996); *United States v. Lang,* 81 F.3d 955, 963 (10th Cir.1996). Thus, the sentences imposed on defendant under Counts 1 and 2 were interdependent. Now that the Section 924(c) sentence is being vacated, the Court has the authority under Section 2255 to correct the entire sentence package and enhance the sentence on Count 1 pursuant to U.S.S.G. § 2D1.1(b)(1). *Cf. United States v. Van Pelt,* 938 F.Supp. 697 (D.Kan.1996).

This conclusion finds support in analogous cases in the direct appeal context. Various federal circuit courts have held that when a Section 924(c) conviction is reversed on direct appeal, the case is subject to remand for resentencing to determine the applicability of the U.S.S.G. § 2D1.1(b)(1) enhancement. *United States v. Causey,* 91 F.3d 144, 1996 WL 403119, at *2 (6th Cir. July 17, 1996); *see, e.g., Clements,* 86 F.3d at 601; *Bermudez,* 82 F.3d at 550; *Lang,* 81 F.3d at 963; *United States v. Fennell,* 77 F.3d 510, 510–11 (D.C.Cir.1996) (*per curiam*); *United States v. Roulette,* 75 F.3d 418, 426 (8th Cir.1996). In considering the question of jurisdiction, there is no good reason why this rule on direct appeal pertaining to sentence packages should not likewise apply with equal force in the context of collateral attacks on sentences initiated by defendants under 28 U.S.C. § 2255. *Merritt,* 930 F.Supp. at 1114.

Accordingly, the Court concludes that it has jurisdiction to correct the sentence under Count 1 pursuant to Section 2255.

### 2. *Double Jeopardy*

■ Defendant asserts that he has an expectation of finality as to the sentence on Count 1. He thus appears to raise the argument that, if his sentence is enhanced under U.S.S.G. § 2D1.1(b)(1), it would violate his right against double jeopardy as guaranteed by the Fifth Amendment of the United States Constitution. The Double Jeopardy Clause in the Fifth Amendment embodies three types of protection. It protects against (1) a second prosecution for the same criminal offense after acquittal; (2) a second prosecution for the same criminal offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *United States v. Gibbons,* 994 F.2d 299, 301 (6th Cir.), *cert. denied,* 510 U.S. 872, 114 S.Ct. 202, 126 L.Ed.2d 160 (1993).

■ In the instant case, we are only concerned with multiple punishments for the same offense in the context of correcting a sentence. If the defendant's sentence is corrected under Section 2255, it will not constitute a second prosecution. Defendant has already been found guilty and convicted on Count 1. There is no need or desire to subject defendant to a successive prosecution

or trial at this time. As the Supreme Court explained in *United States v. DiFrancesco,* 449 U.S. 117, 136, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980), the double jeopardy considerations that bar reprosecution after an acquittal do not prohibit judicial review of a sentence. The basic design and purpose of the Double Jeopardy Clause is to prevent the government from making repeated attempts to convict an individual, with the consequent subjection of that person to embarrassment, anxiety, insecurity, expense, and the possibility that he may be found guilty even though actually innocent. These considerations have no significant application to a statutorily granted right to review and correct a sentence. The limited judicial review and correction of a sentence under Section 2255 do not involve a retrial or approximate the ordeal of a trial on the issue of guilt. *Id.; cf. Pennsylvania v. Goldhammer,* 474 U.S. 28, 30, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985) (Resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial.).

Judicial review of the defendant's sentence package does not in and of itself offend double jeopardy principles merely because it might deprive defendant of the benefit of a more lenient sentence. *Cf. DiFrancesco,* 449 U.S. at 132, 101 S.Ct. at 434–35. The imposition of a particular sentence usually is not regarded as being the same as an acquittal of any more severe sentence that could have been imposed. *Caspari v. Bohlen,* 510 U.S. 383, 390–92, 114 S.Ct. 948, 954, 127 L.Ed.2d 236, 247 (1974); *Bullington v. Missouri,* 451 U.S. 430, 438, 101 S.Ct. 1852, 1857–58, 68 L.Ed.2d 270 (1981); *DiFrancesco,* 449 U.S. at 135 n. 14, 101 S.Ct. at 436 n. 14. The Supreme Court has traditionally refused to extend the Double Jeopardy Clause to sentencing matters in non-capital cases because the pronouncement of sentence does not carry the constitutional finality and conclusiveness similar to that which attaches to a verdict of acquittal for purposes of double jeopardy analysis. *Caspari,* 510 U.S. at 390–92, 114 S.Ct. at 954, 127 L.Ed.2d at 247; *Pennsylvania v. Goldhammer,* 474 U.S. 28, 30, 106 S.Ct. 353, 353–54, 88

L.Ed.2d 183 (1985); *DiFrancesco,* 449 U.S. at 132–35, 101 S.Ct. at 434–36; see also *Gauntlett v. Kelley,* 849 F.2d 213, 218 (6th Cir.1988). Moreover, the Double Jeopardy Clause does not provide defendants with the right to know at any specific moment in time what the exact limits of their punishment will ultimately turn out to be. *DiFrancesco,* 449 U.S. at 137, 101 S.Ct. at 437–38; *Gauntlett,* 849 F.2d at 218; *United States v. Holman,* 728 F.2d 809, 812 (6th Cir.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984).

In *DiFrancesco,* 449 U.S. at 136–38, 101 S.Ct. at 437–38, the Supreme Court indicated that in deciding whether double jeopardy concerns are implicated on resentencing, the courts must examine the record to determine if the defendant has a legitimate expectation of finality as to the duration and severity of his sentence. See *Gauntlett v. Kelley,* 658 F.Supp. 1483, 1494 (W.D.Mich.1987), *aff'd,* 849 F.2d 213 (6th Cir.1988). If a case is reversed on direct appeal and remanded by an appellate court either for a new trial or resentencing, the defendant does not have a legitimate expectation of finality of sentence because the judgment of conviction was subject to an appeal and not yet final. Furthermore, a defendant who initiates an appeal challenging his sentence has no reasonable, legitimate expectation of finality in the sentence because he is contesting it. *Gauntlett,* 849 F.2d at 218; *United States v. Shue,* 825 F.2d 1111, 1115 (7th Cir.1987) (Where defendant exercises his right to appeal and he challenges one of several interdependent sentences, he has, in effect, challenged the entire sentencing plan. Consequently, he can have no legitimate expectation of finality in any discrete portion of the sentence package after a partially successful appeal.); *United States v. Colunga,* 812 F.2d 196, 198 (5th Cir.), *cert. denied,* 484 U.S. 857, 108 S.Ct. 165, 98 L.Ed.2d 120 (1987).

Defendant Crowder filed the Section 2255 motion attacking his sentence, therefore, he does not have a legitimate expectation of finality in the sentence. *United States v. Silvers,* 90 F.3d 95, 99–101 n. 2 (4th Cir. 1996); *Jordan,* 895 F.2d at 516; *Woodhouse,* 934 F.Supp. at 1014; *Thayer,* 937 F.Supp. at

666–67. This is not a situation where the Court is acting *sua sponte* without any statutory authority to increase a sentence after defendant has already begun to serve it. By filing the Section 2255 motion attacking his sentence under 18 U.S.C. § 924(c), defendant has opened the entire sentencing plan or sentence package to review and correction. *Cf. Gauntlett,* 849 F.2d at 219. At the time he was originally sentenced, defendant either knew or reasonably should have known that but for his Section 924(c) conviction, his sentence under Count 1 on the drug-trafficking crime could have been enhanced for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Thus, defendant is on notice that if he is successful on his Section 2255 motion to vacate the Section 924(c) judgment of conviction and sentence, then he may also be subject to having his sentence under Count 1 corrected and enhanced pursuant to U.S.S.G. § 2D1.1(b)(1). This is a factor to be considered in determining the reasonableness and legitimacy of the defendant's expectation of finality in the sentence. *See Gauntlett,* 849 F.2d at 219.

In the aftermath of *Bailey,* a number of federal district courts have had the opportunity to address the precise question before this Court. The question is whether the Fifth Amendment's Double Jeopardy Clause bars resentencing a defendant and enhancing the sentence on an uncontested drug-trafficking count pursuant to U.S.S.G. § 2D1.1(b)(1) where the defendant has successfully brought a motion for habeas relief under 28 U.S.C. § 2255 to vacate a sentence imposed on a different count for violating 18 U.S.C. § 924(c). The Sixth Circuit has not yet published an opinion answering this particular question. The district courts are in disagreement and there is a split of authority. The majority of district courts have held that double jeopardy is not applicable and district courts are free to resentence a defendant and enhance the sentence under U.S.S.G. § 2D1.1(b)(1) where the Section 924(c) sentence has been vacated. *Merritt,* 930 F.Supp. at 1114–15; *Alton,* 928 F.Supp. at 887–88; *Mixon,* 926 F.Supp. at 180–81; *United States v. Seibert,* 1996 WL 221768, at *2 (E.D.Pa. April 26, 1996); *Van Pelt,* 938 F.Supp. at 706–707; *Johnson,* 936 F.Supp. at

434–35; *Thayer,* 937 F.Supp. at 666–67; *Mayes,* 937 F.Supp. at 661; *Woodhouse,* 934 F.Supp. at 1014. The leading reported case which reaches the opposite conclusion is *Warner,* 926 F.Supp. at 1392–94. *Warner* rejects utilizing the "sentence package" concept in Section 2255 cases.

This Court agrees with and will follow the *Merritt, Mixon* and *Woodhouse* line of caselaw. A habeas petitioner who files a Section 2255 motion in a multi-count case successfully attacking a Section 924(c) conviction but not challenging other counts covered in the judgment of conviction is in a situation very similar to a criminal defendant who is partially successful on a direct appeal. Crowder would have this Court find that the sentence imposed on each count must be looked at separately and viewed only in light of the time when the judgment of conviction was entered and the sentence originally imposed. Defendant argues that he has a legitimate expectation of finality in his sentence under Count 1 because he has not challenged the sentence under Count 1 in his Section 2255 motion. However, the Court holds that defendant was given one aggregate sentence on all counts together that is determined by taking into consideration all of the underlying convictions and the related conduct. The counts on which defendant were originally convicted are interdependent for the purpose of determining the correct sentence to be imposed in accordance with the UNITED STATES SENTENCING GUIDELINES. In other words, the Court did not order completely independent sentences on each count but rather ordered one comprehensive sentence package and implemented a coordinated sentencing scheme. When Crowder attacks the Section 924(c) sentence in his Section 2255 motion, he challenges the validity of the entire sentence package and not merely the Section 924(c) portion of the sentence. The Section 2255 motion constitutes a waiver by defendant of any expectation of finality in his sentence. An enhancement of the sentence pursuant to U.S.S.G. § 2D1.1(b)(1) as a result of the defendant's successful Section 2255 motion to vacate the portion of his sentence attributable to the Section 924(c) conviction does not violate double jeopardy.

*Woodhouse,* 934 F.Supp. at 1014; *Merritt,* 930 F.Supp. at 1114–15; *Mixon,* 926 F.Supp. at 181.

Accordingly, the claim of double jeopardy is rejected.

### 3. Due Process

█ The question of finality in sentencing also leads us to consider the potential impact of the Fifth Amendment's Due Process Clause on sentence enhancement. The United States Constitution does not contain a general rule prohibiting a court from increasing an earlier sentence where the court finds that it was erroneous or illegal and a higher sentence was required by law. *United States v. Goldman,* 41 F.3d 785, 789 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1321, 131 L.Ed.2d 201 (1995); *DeWitt v. Ventetoulo,* 6 F.3d 32, 34 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1542, 128 L.Ed.2d 193 (1994). However, the constitutional principle of due process fairness applies to the sentencing phase of a case. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977); *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *Pearce,* 395 U.S. at 723–26, 89 S.Ct. at 2079–81; *United States v. Lundien,* 769 F.2d 981, 986 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). It is possible that due process might be denied when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have "crystallized and it would be fundamentally unfair to defeat them." *Id.* at 987; *see also DeWitt,* 6 F.3d at 34; *Breest v. Helgemoe,* 579 F.2d 95, 101 (1st Cir.), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978); *Warner,* 926 F.Supp. at 1395–96. The Court's right to correct a sentence is not entirely without some due process limits. The First Circuit has cautioned: "Only in the extreme case can a court properly say that the later upward revision of a sentence made to correct an earlier mistake, is so unfair that it must be deemed inconsistent with fundamental notions of fairness embodied in the Due Process Clause." *DeWitt,* 6 F.3d at 35; *see also Goldman,* 41 F.3d at 789.

█ Correcting defendant Crowder's sentence under Count 1 to add an enhancement for possession of the firearm pursuant to U.S.S.G. § 2D1.1(b)(1) will not deprive him of his Fifth Amendment right to due process of law. Based on the particular facts and circumstances of this case, it is not fundamentally unfair to correct the defendant's sentence. This is not an extreme case which requires or justifies a finding that a due process violation has occurred. On the contrary, defendant does not have a legitimate expectation of finality in his sentence under Count 1. Defendant filed the Section 2255 motion which put his entire sentence package before the Court for review and correction. Moreover, defendant has not fully served all of the terms of imprisonment imposed under the complete sentence package. If defendant is resentenced under Count 1 and the sentence is enhanced pursuant to U.S.S.G. § 2D1.1(b)(1), it will not defeat any objectively reasonable expectations defendant may have in the finality of his sentence. *Merritt,* 930 F.Supp. at 1115; *Thayer,* 937 F.Supp. at 666–67; *Mayes,* 937 F.Supp. at 661–62; *Woodhouse,* 934 F.Supp. at 1015.

### B. Right to Be Present and Right of Allocution

█ Defendant contends that if his sentence under Count 1 is to be corrected pursuant to 28 U.S.C. § 2255, he has the right to be present in court in person and the right of allocution, citing *United States v. Taylor,* 11 F.3d 149 (11th Cir.1994), and *Johnson v. United States,* 619 F.2d 366 (5th Cir.1980). The Court disagrees. The Court concludes that defendant does not have the right to be present in court nor a right of allocution when his sentence is corrected because the present case is governed by Section 2255 and not FED.R.CRIM.P. 32. Section 2255 provides in part: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." There is nothing in Section 2255 which provides that defendant has either an absolute right to be present or a right of allocution at the time when the Court makes its decision to grant the Section 2255 motion and correct the sentence.

**1194**

The Court has determined that an evidentiary hearing is unnecessary. The essential, material facts in the case are undisputed. There is no need for any testimony. Crowder possessed the firearm for purposes of applying U.S.S.G. § 2D1.1(b)(1). Since there are no material issues of fact in dispute which require a further hearing, defendant has no right under Section 2255 to be present in Court. *See Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); *United States v. Hayman,* 342 U.S. 205, 219–22, 72 S.Ct. 263, 272–74, 96 L.Ed. 232 (1952); *Mathews v. United States,* 11 F.3d 583, 584–85 (6th Cir.1993); *United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993); *Malone v. United States,* 299 F.2d 254, 255 (6th Cir.), *cert. denied,* 371 U.S. 863, 83 S.Ct. 122, 9 L.Ed.2d 100 (1962). In this case, the addition of the two-level enhancement to his sentence under Count 1 pursuant to U.S.S.G. § 2D1.1(b)(1) is a simple matter of recalculating the sentencing guidelines which does not require the defendant's presence in court. It is a question of law that can be conclusively resolved based on the files and records before the Court without a hearing. *Bryan v. United States,* 721 F.2d 572, 577 (6th Cir.1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 711 (1984). The Court will not order the unnecessary expenditure of public funds, manpower, and resources to have defendant Crowder transported back to Chattanooga from the federal penitentiary where he is incarcerated.

The right to be present during sentencing arises under Rules 32 and 43 of the FEDERAL RULES OF CRIMINAL PROCEDURE. Rule 32 governs original sentencing hearings and it is not applicable in the instant habeas proceeding which defendant has brought under Section 2255 to modify or correct an illegal sentence. Rule 32 does not mention or refer to Section 2255 proceedings to collaterally attack a sentence. A defendant is not required to be present in person in court every time judicial action is taken to correct a sentence. For example, Rule 43(c)(3) provides that a defendant need not be present when the proceeding involves only a conference or hearing upon a question of law.

Rule 43(c)(4) provides that a defendant need not be present when the proceeding involves a reduction of sentence under FED.R.CRIM.P. 35. *See United States v. Denne,* 23 F.3d 408, 1994 WL 162606, at *2 (6th Cir. April 29, 1994) (unpublished). The Sixth Circuit has recognized that where a sentence is the subject of a subsequent proceeding which is merely remedial in nature, such as those in which an illegal sentence is corrected, the defendant's presence is not required, so long as the correction or modification of the sentence does not make it more onerous. *Id.; accord, United States v. Tamayo,* 80 F.3d 1514, 1519 (11th Cir.1996); *United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991); *Sanabria v. United States,* 916 F.Supp. 106, 114–15 (D. Puerto Rico 1996) (no need for new sentencing hearing where lower sentence is ordered under Section 2255). The corrected sentence to be imposed on defendant Crowder under Section 2255 is not more onerous or severe than the original sentence since his Section 924(c) sentence is being vacated. Crowder's total corrected sentence of imprisonment is being reduced.

There is no need for another sentencing hearing as part of this Section 2255 habeas proceeding because defendant Crowder already had an opportunity at the original sentencing hearing under Rule 32 to challenge the accuracy and reliability of the information contained in the presentence investigation report, and to present any mitigating evidence. The correction of his sentence to enhance Count 1 pursuant to U.S.S.G. § 2D1.1(b)(1) is a matter of law and he is not entitled to be present in court under Rule 43(c)(3). Rule 43(a) provides that the defendant shall be present at the imposition of sentence, except as otherwise provided by Rule 43. The Court interprets Rule 43(a) to mean the original sentencing hearing held pursuant to Rule 32 and not the post-conviction correction of a sentence on collateral attack under Section 2255.

Defendant does not have a right of allocution under Section 2255 before the Court corrects his sentence. Section 2255 makes no provision for a right of allocution. Moreover, there is no independent right of allocution under the United States Constitu-

tion. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *United States v. Coffey*, 871 F.2d 39, 40 (6th Cir.1989). The right of allocution only arises under Rule 32(c)(3)(C) which is not applicable in this Section 2255 proceeding. Rule 32(c)(3)(C) only requires that defendant be given the opportunity to speak before the imposition of his original sentence. *United States v. Roquemore*, 89 F.3d 837, 1996 WL 219131, at *1 (6th Cir. April 30, 1996); *Coffey*, 871 F.2d 39.

There are some cases which recognize that where an entire sentencing package is completely reversed and vacated on appeal and the case is remanded for resentencing, the district court on remand should proceed *de novo* on sentencing pursuant to Rule 32. Defendants in such cases may have the right under Rule 32 to be present at the hearing imposing the new sentence and the right to allocution. *Tamayo*, 80 F.3d at 1518–20 n. 7; *Denne*, 23 F.3d 408, 1994 WL 162606, at *2; *United States v. Barnes*, 948 F.2d 325, 329–30 (7th Cir.1991); *Jackson*, 923 F.2d at 1497. However, the present case involves a correction and modification of the sentence under Section 2255. The entire sentence package for defendant Crowder is not being vacated, and there is no reason to apply Rule 32.

### C. *Recalculating the Sentence Guideline Range*

■ The sentence under Count 2 is being vacated. Crowder begins with a base offense level of **26** under Count 1 for his conviction for violating 21 U.S.C. § 841(a)(1). He received a two-level reduction for acceptance or responsibility pursuant to U.S.S.G. § 3C1.1. These reductions give Crowder an adjusted offense level of **24**. There is a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of the firearm which results in a total offense level of **26**. Taking into consideration that there is a criminal history category of **1**, the Court calculates the new sentencing guideline range on Count 1 to be **63–78 months**. After considering the entire record including the presentence investigation report, the Court concludes that the sentence on Count 1 will be **AMENDED and CORRECTED to SEV-**

ENTY (70) MONTHS of imprisonment which is in the middle of the guideline range. Defendant Crowder is not entitled to be released from imprisonment at this time under the terms of the sentence on Count 1 as corrected.

An order amending judgment will enter.